IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GRAND JURY SUBPOENA Dated June 8, 2006, Joshua Wolf,<br><br>  Subpoenaed Party.<br>_____ / | No. CR 06-90064 MISC WHA<br><br>**ORDER RE JUDGE ASSIGNMENT** |

  Subpoenaed party Joshua Wolf repeatedly has questioned the propriety of the instant matter being adjudicated by the undersigned. From February to June, matters in this case were heard by Judge Maxine M. Chesney and Magistrate Judge Maria-Elena James. On June 15, the undersigned was general-duty judge. Because of that general-duty status, the government and the witness came before the Court to hear the witness's request to continue his grand-jury appearance. All matters in this action since then have been heard before the undersigned. The witnesses has questioned why the case did not remain with Judge Chesney and Magistrate Judge James. He also has questioned whether the case should be heard before still another judge, on grounds that the undersigned's general-duty assignment ended July 1.

  "Any miscellaneous matter filed or brought before a Judge while serving as General Duty Judge shall be retained by that Judge until that matter is terminated." Gen Order No. 44, Assignment Plan, at 5. The undersigned therefore has no choice but to retain the matters brought before the Court as general-duty matters in July. The Court therefore must retain the instant matter. The Court anticipates that the witness might respond to this ruling by contending that the matter never should have been heard by the undersigned in the first place, but rather should have stayed before Judge Chesney and/or Magistrate Judge James. Even if

this contention were correct, the witness would not be entitled to relief. That is because the Assignment Plan "does not create any right or privilege to any litigant to demand or challenge the assignment of a case." *Ibid.* Moreover, the Court has invited Mr. Wolf and his counsel to file a motion before Judge Chesney and/or Magistrate Judge James relating this matter to the previous matters before them, so long as the witness does so promptly. As stated on the record, the undersigned early on asked Judge Chesney if she wished to relate this matter to the one that had been before her. She replied no. But this has always been without prejudice to a timely motion to relate.

For the reasons stated, the instant matter will be heard by the undersigned until further notice.

**IT IS SO ORDERED.**

Dated: July 28, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE