IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GRAND JURY SUBPOENA Dated June 8, 2006, Joshua Wolf,<br><br>    Subpoenaed Party.<br>_____ / | No. CR 06-90064 WHA<br><br>**ORDER DENYING SECOND MOTION FOR *IN CAMERA* REVIEW** |

    Assuming *arguendo* that the Court has jurisdiction, the request for the Court to review the subpoenaed material and make its own assessment of whether it would be useful to the grand jury is **DENIED**. This was denied once before and the denial was affirmed.

    The reason is that the United States Attorney and the grand jury are much better positioned to assess the value of the video to their investigation than is the Court. What might look inconclusive or unhelpful to the Court might actually provide a vital clue indiscernible by the Court. For example, if a target of the investigation is now denying (to the grand jury) that he burned up the police car and is denying that he was even at the demonstration, it may be that the video captures him at the demonstration. The isolated scene captured may show no crime at all but may establish the presence of a key person. Any number of other scenarios can be easily imagined. It would be wrong for the Court to withhold from the grand jury unprivileged evidence that the grand jury wishes to use in its investigation.

    This is not like the situation in the Greg Anderson grand jury matter. There the issue was whether the government was basing its grand jury questions to Mr. Anderson on the so-called "Paragraph 8 recording." In order to evaluate this, the Court reviewed the recording and reviewed the other, independent body of evidence suggesting the questions, concluding that

the latter supplied an independent basis for all the questions. Here, by contrast, there is no issue of "taint" by reason of an allegedly illegal recording.

In short, no authority can be found that would allow the Court to perform the screening function requested by Mr. Wolf.

**IT IS SO ORDERED.**

Dated: November 27, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2